Dear Mr. Kelley:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
 Are there any existing statutes or regulations that would prohibit the chief of police of a town from working part-time for a local Indigent Defender Board?
Your question requires research into regulations which govern both Indigent Defender Boards and government officials. There are a great number of statutes that pertain to Indigent Defender Boards on all levels of government (see for example Rules of the Louisiana Supreme Court, Rule XXXI, and Louisiana Revised Statutes Title 15). However, after an extensive survey of these regulations, this office was unable to locate any provision that limits the types of individuals with which the Boards may contract for investigative services. Furthermore, the statutes that govern the ethics of public officials do not specifically address whether a public official may, in his private capacity, contract for part-time work with a public agency wholly unrelated to his own.
However, La. R.S. 42:61, et seq., sets forth the law pertaining to dual officeholding and dual employment in Louisiana, and states as a general policy:
 It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other. The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs.
In enacting this provision, the legislature intended to express a desire to keep government employees as conflict-free and impartial as absolutely possible. Further, in Attorney General Opinion No. 95-289, this office held that it was a conflict of interest for a police officer to simultaneously serve as a member of the indigent defender board. Although it is not membership in the Board that is contested here, the reasoning is still valid. The Opinion states in part:
 Law enforcement officers work to find and ultimately help convict criminals. It would pose a conflict of interest to require such a person to take part in the defense of a suspect, possibly causing the destruction of his own work.
Such is the case here. The Chief of Police is the head of law enforcement in his jurisdiction, and investigation done for the Indigent Defender Board would only serve to assist criminal defendants in invalidating the work done by his own law enforcement agency. This type of employment conflict is precisely what the Dual Officeholding statute was meant to rectify.
Therefore, it is the opinion of this office that it would constitute dual officeholding for the chief of police of a town to work part-time for the local Indigent Defender Board. Doing so is logically inconsistent with the spirit of the law and the intention of the legislature, and such dual officeholding is impermissible.
I hope this opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ ELLISON C. TRAVIS Assistant Attorney General